IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION

| | |
|---|---|
| EDDIE SYLVESTER JONES, JR., AKA Eddie Sylvester Jones, Jr., Secured Party Plaintiff <br> v. <br><br> WILSON&ASSOCIATES, P.L.L.C, NATIONSTAR MORTGAGE, FIRST HORIZON HOME LOANS FIRST TENNESSEE BANK, Angela Boyd, Bruce B. Hopkins, Harold Lewis, Thomas Sides, David Lenoir, Bryan Jordan <br><br> Et Al. Defendants | **In Admiralty** <br><br> Case No. 2: 12-cv-02510-JDT-cgc <br><br> COMPLAINT FOR CONSTITUTION STATUTORY VIOLATIONS: <br> Violation of Truth in Lending Act 15 U.S.C. 1601 et seq, Violation of Fair credit Billing Act, 15 U.S.C.1601, Breech of Contract, FRAUD,Fair Debt Collection, Practices Act, 15 U.S.C.1692et seq. united States Constitution ratified 1791 Bill of Rights of the National Constitution Articles 1, 4, 5,6,7,8 and 9 <br><br> TRIAL BY JURY OF PEERS DEMANDED |

FIRST   AMENDED COMPLAINT

THIS ACTION, is brought pursuant to the Truth in Lending Act,("TILA"),15 U.S.C.A 1601 et.seq., Fair Credit Billing Act Title 15 U.S.C.A 1601 et. seq., Fair Debt Collection Practices Act, 15 U.S.C.A. 1692 et.seq., Fair Housing Act of 1968, as amended, Title   42 U.S.C.A. §§ 1983 *et seq.*, for **Due Process**. The Defendants commit FRAUD, Breech of Contract, and violates the Tennessee Consumer Protection Act of 1977, as amended, Tenn. Code Ann. §§ 47-18-101 *et seq.*, The Plaintiff asserts that the Defendants violate the Organic Constitution for the united States of America and the Organic Constitution of the Republic of Tennessee in specific the Bill of Rights for the Organic Constitution, the Supreme Law of the Land, in particular, the Plaintiff's guaranteed constitutional rights: the First, Fourth, Fifth, Seventh and Ninth Amendments, and the Tennessee State Constitution, in particular, Article

1, Sections 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, and 14. The Plaintiff, Eddie S. Jones, Jr., (Secured Party), is a live breathing flesh and blood Man who resides in Memphis; Shelby County in the Republic of Tennessee and comes in Propria Persona, an American Citizen, and brings this action against, WILSON&ASSOCIATES, P.L.L.C, NATIONSTAR MORTGAGE COMPANY, FIRST HORIZON NATIONAL CORP., and FIRST TENNESSEE BANK, in their  Corporate, professional and private capacities based, in part, of the Defendants: Thomas Sides, Angela Boyd, Bruce B. Hopkins, and Harold Lewis conspired to commit FRAUD,DECEPTION,and THEFT, that violates the Uniform Commercial Codes pursuant to - ARTICLE 3 - NEGOTIABLE INSTRUMENTS, PART 6. DISCHARGE AND PAYMENT and  specifically § 3-603. TENDER OF PAYMENT et. seq., and Defendants are in **Dishonor**. The Defendants: NATIONSTAR, FIRST TENNESSEE BANK, FIRST HORIZON NATIONAL CORP. through their agents: Angela Boyd, Bruce B. Hopkins, Harold Lewis, Thomas Sides, Bryant Jordan, all failed to disclose pertinent information regarding the promissory note in violation of UCC- § 3-407, §3-501, Presentment,§ 3-603 as well as their refusal to tender payment according to commercial laws which is also in violation of the Truth in Lending Act, ("TILA"), 15 U.S.C.A 1601 et.seq. Fair Credit Billing Act Title 15 U.S.C.A 1601 et. seq., Fair Debt Collection Practices Act, 15 U.S.C.A. 1692 et.seq., Fair Housing Act of 1968, as amended, Violation of 42 U.S.C.A. §§ 1983 *et seq.*, for due process of law and FRAUD, Breech of Contract, violating the Tennessee Consumer Protection Act of 1977, as amended, Tenn. Code Ann. §§ 47-18-101 *et seq.*, The Defendants actions also violates the Uniform Commercial Code which is derived by Public Policy, Act of Congress, House Joint Resolution 192 codified at 48 Stat. 112 (June 5, 1933); Public Law 73-10. The Defendants committed Theft, Fraud, and Deception, Studied Concealment and Misrepresentation against the "Plaintiff Jones" to take away his Real Property. All collectively the Defendants are privately responsible for their actions and of their subordinates, agents, successors and are sued civilly and criminally and the Plaintiff demand the court to charge each Defendant Criminally based upon his affidavit. The Defendants failed to clearly disclose the full information regarding the fraudulent loan in the beginning and after the agreement which was entered with the Plaintiff **on the initial closing of the property and thereafter**. The Defendants were required by UCC law ; - upon DEMAND, as authorized by law, UCC § 3-501(b)(2) and (b)(2)(i), to EXHIBIT the Genuine ORIGINAL

Promissory Note before moving for a Foreclosure. The Defendants actions commit theft in a criminal act in violation of the RICO ACT Title 18 U.S.C. §§ 1961-1968 and Title 18 USC § 474 with intent to Steal and defraud the Plaintiff with a facsimile of the note/ security and never producing the wet ink genuine original documented promissory loan note or Deed of Trust that is required before any foreclosure proceeding can begin. The Plaintiff asserts and would respectively show the court as followed:

## JURISDICTION AND VENUE

2.     Jurisdiction is conferred on the Court pursuant to 28 U.S.C. Sections 1331, 1332, 1343, 1345, 1346, 1367, and venue is proper pursuant to Title VII of the Civil Rights Act of 1866, 1871, 1964, 1991 as amended,. Title 42 U.S.C. 1988  provides remedy for violations pursuant to 42 U.S.C. Section(s), 1981, 1983, 1985, 1986,  and the RICO ACT Title 18 U.S.C. §§ 1961-1968, at  these violations.

## PARTIES

3.     The Plaintiff, Eddie S. Jones, Jr., (hereinafter referred as "Plaintiff Jones") is an American Citizen adult who resides in Memphis, Shelby County, the Republic of Tennessee with his principal residence at 1980 Prado Ave., Memphis, and Shelby County, Tennessee 38116.

4.     The Defendant, **WILSON&ASSOCIATES, P.L.L.C.**, (hereinafter referred as "FIRM AGENTS") is Law Firm, composed of Seven Attorneys. The Law Office is enacted for the purpose of private practice of Laws of the State of AR, TN and for the Constitutional laws of the united States of America. The law office has its principal office located at located at 1521 Merrill Drive Suite D-220, Little Rock, AR 72211, and at all times was responsible for its corporate actions relevant to this cause.

5.     The Defendant, **NATIONSTAR MORTGAGE**, (hereinafter referred to as the "LOAN SERVICER MORTGAGE COMPANY") conspired to commit FRAUD and DECEPTION with **FIRST HORIZON NATIONAL CORP.**, (hereinafter referred to as the

"MORTGAGE LOAN COMPANY") is the <u>subsidiary</u> of the <u>FIRST TENNESSEE BANK</u> Mortgage Loan Department. NATIONSTAR MORTGAGE is located at 350 Highland Drive, Lewisville, TX 75067, and at all times was responsible for its corporate actions relevant to this cause.

6.      The Defendant, **FIRST HORIZON NATIONAL CORP.,** (hereinafter referred to as the "FIRST HORIZON") is the <u>subsidiary</u> of the <u>FIRST TENNESSEE BANK</u> Mortgage Loan Department. The <u>Department</u> FIRST HORIZON is a subsidiary of the "<u>BANK</u>" is responsible for <u>collecting loan</u> payments and generating loans with its principal location is at 165 Madison Ave. ,Memphis,TN 38103<u>, the "BANK", FIRST TENNESSEE BANK</u> is the Parent corporation for FIRST HORIZON NATIONAL CORPORATION, with its main office located at 165 Madison Avenue, Memphis,TN 38103, and at all times was responsible for the Company  subsidiary corporate actions relevant to this cause.

7.      The Defendant, **FIRST TENNESSEE BANK,** (hereinafter referred to as the "BANK") is a Private Financial institution operating  under the FDIC Regulations for Banking,Lending,with its main office located at 165 Madison Avenue, Memphis,TN 38103, and at all times was responsible for its Corporate actions relevant to this cause.

8.      The Defendant, Angela Boyd, (hereinafter referred as "the Attorney") is the Attorney of record that brought forth an unlawful administrative mortgage sale of the Plaintiff's property and is employed by the WILSON & ASSOCIATES, P.L.L.C. Law Firm, located at 1521 Merrill Drive Suite D-220, Little Rock, AR 72211, and at all times was responsible for her actions and the Company agents actions relevant to this cause.

9.      The Defendant, Bruce B. Hopkins, (hereinafter referred as "Mr. Hopkins") is the President of Financial Affairs for the West Tennessee Division of FIRST TENNESSEE BANK and FIRST HORIZON NATIONAL CORP Firm ,with his principal office located at 165 Madison Avenue, Memphis,TN 38103 and at all times was responsible for the Company agents actions relevant to this cause.

10.     The Defendant, Harold Lewis, (hereinafter referred as "Mr. Lewis") is the President of financial Affairs for the NATIONSTAR MORTGAGE COMPANY, with his principal office located at 350 Highland Drive, Lewisville,TX 75067, and at all times was responsible for the Company agents actions relevant to this cause.

11.     The Defendant, Thomas Sides, (hereinafter referred as "Mr. Sides") is a Foreclosure Prevention Specialist for NATIONSTAR MORTGAGE COMPANY, with his principal office located at 350 Highland Drive, Lewisville,TX 75067, and at all times was responsible for the Company agents actions relevant to this cause.

12.     The Defendant, David Lenoir, (hereinafter referred as "Mr. Lenoir") is the TRUSTEE for the SHELBY COUNTY TRUSTEE OFFICE which has conspired and agreed with the theft of the Plaintiff Real Property with his principal office located at 160 N. Main, Memphis,TN 38103, and at all times was responsible for his actions relevant to this cause.

13.     The Defendant, Bryan Jordan, (hereinafter referred as "Mr. Jordan") is the President of Financial Affairs for FIRST HORIZON NATIONAL CORP ,with his principal office located at 165 Madison Avenue, Memphis,TN 38103 and at all times was responsible for the Company agents actions relevant to this cause.

## FACTS

14.     On April 30, 2012 the Plaintiff's made his payments to NATIONSTAR MORTGAGE COMPANY.  Which was servicing a Home loan for FIRST TENNESSEE BANK, and FIRST HORIZON NATIONAL CORP.

15.     That on May 9, 2012, the Plaintiff received a notice from NATIONSTAR's Agent Attorney "FIRM AGENTS", WILSON &ASSOCIATES, P.L.L.C., Angela Boyd, Attorney, alleging that the loan was in default and that the real property at 1980 Prado Ave., Memphis, TN 38116 would be sold on June 29, 2012 by the SHELBY COUNTY TRUSTEE. It is unclear to why the Plaintiff was obligated to make payments to NATIONSTAR, a "LOAN

SERVICER MORTGAGE COMPANY" or to FIRST HORIZON NATIONAL CORP. in regard to Plaintiff's loan. The Plaintiff had no contractual obligation to either of these entities because the original loan was made with FIRST TENNESSEE BANK which initially failed to disclose full information about a fraudulent loan because it can not loan its credits which violates the Truth In Lending Act (TILA). TILA is supposed to protect consumers; it mandates certain disclosures be made by lenders to borrowers concerning the terms and conditions of their home loans and Plaintiff was told that the loan was sold twice to the above entities and even the fact that it did not have the credit to loan. These actions of NATIONSTAR,FIRST HORIZON and FIRST TENNESSEE violate also the Tennessee Consumer Protection Act of 1977, as amended, Tenn. Code Ann. §§ 47-18-101 *et seq.*, All Defendants violate the Violation of Fair credit Billing Act, 15 U.S.C.1601 and the Fair Debt Collection Practices Act, 15 U.S.C.1692et seq. ,Title  42 U.S.C.A. §§ 1983 *et seq.*, for FRAUD, Breech of Contract, The Uniform Commercial Code which is derived by Public Policy, Act of Congress, House Joint Resolution 192 codified at 48 Stat. 112 (June 5, 1933); Public Law 73-10, the Truth in Lending Act,("TILA"),15 U.S.C.A 1601 et.seq., and the united states criminal code for  the RICO ACT  Title 18 U.S.C. §§ 1961-1968 and Title 18 USC § 474 for  fraudulent securities.

16.     That Plaintiff sent a lawful notification letter on May 21, 2012 advising the "FIRM AGENTS, Angela Boyd, the Attorney with a certified letter with Notary Presentment and EFT Instrument which is also valid pursuant to the Uniform Commercial Code, UCC-3-304 section (1)(b)(3)  that satisfied the Debt which it claimed. The EFT Instrument was sent back to the Plaintiff from the "FIRM AGENTS" stating that certified fund would only be accepted by their "FIRM". Furthermore, Attorney Boyd has failed to respond to a lawful notification to provide due process and proof of claim. Furthermore, Attorney Boyd received several constructive lawful notifications, Affidavit of Interest in Property, Affidavit of Status, and Affidavit of EFT. Consequently, the Defendants have failed to respond and their silence is their acquiescence. Also, see *U.S. v. Tweel,550 F.2d.297*. *"Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading".*

17.     The returned EFT instrument from Attorney Boyd of WILSON & ASSOCIATES PLLC was resubmitted to **FIRST TENNESSEE BANK** with a Notary of Presentment located at 165 Madison Ave, Memphis Tennessee 38103 to the Attention: Payment Processing **FIRST HORIZON NATIONAL CORPORATION**.  The Debt was satisfied and subsequently accepted by FIRST HORIZION NATIONAL CORPORATION in which it has failed to respond as required under UCC applicable laws for acceptance of EFT Instruments. See: _Connally v. General Construction Co.,269 U.S.385,391_. Notification of legal responsibility is "_the first essential of due process of law_" Also, see _U.S. v. Tweel,550 F.2d.297_. "_Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading_".

18.     That on June 18, 2012 the Plaintiff sent a new EFT instrument with a Notary of Presentment to NATIONSTAR MORTGAGE COMPANY because FIRST TENNESSEE BANK and FIRST HORIZON NATIONAL CORPORATION failed to respond to the Plaintiff initial EFT Instrument and or never return the EFT instrument to the Plaintiff noting any if there were defects. Therefore it is understood that an acceptance was tendered  The Plaintiff filed a Financing Statement with the Secretary of the State of Tennessee, Financing statements for UCC-1, UCC-3 and commercial affidavits for his interest in the real property located at 1980 Prado Ave., Memphis, TN 38116. Furthermore, NATIONSTAR MORTGAGE COMPANY has accepted this payment and has failed to return the EFT untouched Instrument within the required time frame in accordance with UCC applicable Law 3-304.

19.     That on June 21, 2012, sent a certified letter to the "FIRM AGENTS, Angela Boyd giving a constructive Notice of Apostille, Copy of EFT Instrument front and back sent to NATIONSTAR MORTGAGE COMPANY as requested in her correspondences which was returned letter dated June 13, 2012, Copy of UCC-3 filed with TENNESSEE SECRETARY OF STATE file #112219905 and registered in the SHELBY COUNTY REGISTER'S office file # 12069422.

20.     The Defendant," NATIONSTAR" is a private third Party acting as a debt collector

for the FIRST TENNESSEE BANK and to which has threaten the Plaintiff with foreclosure of his Real Property and the Plaintiff does not have a contract with NATIONSTAR MORTGAGE COMPANY, but has obtained a copy of the Deed of Trust along with assistance of the above aforementioned to conspire and commit theft of property through FRAUD and DECEPTION. Prior to any of the above occurrences the Plaintiff was not given Full Disclosure of the Contract(s) made or regarding NATIONSTAR MORTGAGE, or to which the original loan was made with FIRST TENNESSEE BANK which was sold/ transferred to FIRST HORIZON NATIONAL CORP. and later again to NATIONSTAR MORTGAGE CO. as a "LOAN SERVICER MORTGAGE COMPANY" Agency. Furthermore, NATIONSTAR MORTGAGE LLC was sent an EFT Instrument and Notary of Presentment in the amount of $24,801.69 to discharge the debt in accordance with applicable Laws under the UCC. NATIONSTAR returned the EFT Instrument to me on 6/29/12 via regular USPS mail. However, pursuant to UCC applicable Laws the EFT Instrument was stamped "RECEIVED ON JUNE 20, 2012" by NATIONSTAR MORTGAGE LLC. The stamped EFT acknowledges NATTIONSTAR MORTGAGE LLC accepted the EFT Instrument in full satisfaction of my account with their company.

20.                               **STATEMENT OF CLAIMS**

**CAUSE OF ACTION**

**COUNT ONE**

Violation of UCC -Article -3 Negotiable Instruments, part 6. Discharge and payment, violation of UCC-§3-603 Tender of Payment (b) Refusal is Discharge, (c) Able & Ready to pay at every place of a payment stated, UCC § 3-501 Presentment, Violation of the Truth in Lending Act, ("TILA"), 15 U.S.C.A 1601 et.seq. Fair Credit Billing Act Title 15 U.S.C.A 1601 et. seq., Fair Debt Collection Practices Act, 15 U.S.C.A. 1692 et.seq., Fair Housing Act of 1968, as amended, 42 U.S.C.A. §§ 1983 *et seq.*, for FRAUD, Breech of Contract, and the Tennessee Consumer Protection Act of 1977, as amended, Tenn. Code Ann. §§ 47-18-101 *et seq.*, The Defendants actions also violates the Uniform Commercial Code which is derived

by Public Policy, Act of Congress, House Joint Resolution 192 codified at 48 Stat. 112 (June 5, 1933); Public Law 73-10.

20.     **As Per the Laws of the Land of America and under the following:**

Plaintiff re-alleges all allegations contained in Paragraphs 1- 19 of the Complaint are incorporated herein as if set forth in full and that the Defendants actions violate the organic Constitution for the united states of America as well as for the organic Constitution of the Republic of Tennessee; Tenn. Code Ann. §§ 47-18-101 *et seq.*, for consumer protection Act of 1977, Violation of UCC -Article -3 Negotiable Instruments, part 6. Discharge and payment, violation of UCC-§3-603 Tender of Payment (b) Refusal is Discharge, (c) Able & Ready to pay at every place of a payment stated, Violation of the Truth in Lending Act, ("TILA"), 15 U.S.C.A 1601 et.seq. Fair Credit Billing Act Title 15 U.S.C.A 1601 et. seq., Fair Debt Collection Practices Act, 15 U.S.C.A. 1692 et.seq., Fair Housing Act of 1968, as amended, 42 U.S.C.A. §§ 1983 *et seq.*, due process and committing FRAUD, Breech of Contract, and violation of the Tennessee Consumer Protection Act of 1977, as amended, Tenn. Code Ann. §§ 47-18-101 *et seq.*, The Defendants actions also violates the Uniform Commercial Code which is derived by Public Policy, Act of Congress, House Joint Resolution 192 codified at 48 Stat. 112 (June 5, 1933); Public Law 73-10. The **Plaintiff** demands that the following **Rights** to be settled per the **Law.** As several different corporate personnel both commercial and governmental has been acting as QUASI TRUSTEES. *(A person who reaps a benefit from a breach of trust, and so becomes answerable as a trustee. Lewin, Trusts, (4th Ed.) 592, 638.).* **The Defendants: Angela Boyd, Bruce B. Hopkins, Harold Lewis, Thomas Sides, Bryant Jordan, commit theft against the Plaintiff through its administrative process never going forth before a court of law to bring forth this matter thereby denying the Plaintiff Due Process of Law.**

21.     **RIGHT OF ACTION**. The Plaintiff is guaranteed the right to bring suit pursuant to the Organic Constitution; a legal right to maintain an action, growing out of a given transaction(s) or state of facts and based thereon. The Defendants are guilty of unjust enrichment and breech of their oaths taken to the Organic Constitution for the united States of America. The Defendants violate  the Tennessee Consumer Protection Act of 1977, as

amended, Tenn. Code Ann. §§ 47-18-101 *et seq.*, All Defendants violate the Violation of Fair credit Billing Act, 15 U.S.C.1601 and the Fair Debt Collection Practices Act, 15 U.S.C.1692et seq. ,Title  42 U.S.C.A. §§ 1983 *et seq.* for due process of law, for FRAUD, Breech of Contract Violation of the Uniform Commercial Code which is derived by Public Policy, Act of Congress, House Joint Resolution 192 codified at 48 Stat. 112 (June 5, 1933); Public Law 73-10, the Truth in Lending Act,("TILA"),15 U.S.C.A 1601 et.seq., and the united states criminal code for  the RICO ACT  Title 18 U.S.C. §§ 1961-1968 and Title 18 USC § 474 for  fraudulent securities.

22.    **RIGHT OF DISCUSSION**: The right which the cautioner (surety) *[the Soul as the vested individual over our individual American and State combined Fide Commissary account]* has to insist that the creditor *[the Artificial Person, **Eddie Sylvester Jones, Jr., esq.**]* shall do his best to compel the performance of the contract by the **principal debtors** *[FIRST TENNESSEE BANK, NATIONSTAR MORTGAGE COMPANY,FIRST HORIZON NATIONAL CORP, The local Bank, the corporate Court or whoever our contract was with; Federal Reserve System and the STATE or UNITED STATES corporation.]*, before he shall be called upon.

23.    The Defendants have failed to provide due process of law pursuant to Title 42 U.S.C. 1983 for the complete matter and loan process failing to fully disclose the truth and information regarding the originator of the loan and the refusal to accept even the EFT instrument that was legally presented by the Plaintiff.

24.    Plaintiffs asserts that this cause of action arises as a result of the damages intentionally caused by the defendants' willful and malicious conduct to conspire and commit theft of property under FRAUD and DECEPTION, in violation the Tennessee Consumer Protection Act of 1977, as amended, Tenn. Code Ann. §§ 47-18-101 *et seq.*,  Violation of Fair credit Billing Act, 15 U.S.C.1601 and the Fair Debt Collection Practices Act, 15 U.S.C.1692et seq. ,Title  42 U.S.C.A. §§ 1983 *et seq.*, for FRAUD, Breech of Contract, The Uniform Commercial Code which is derived by Public Policy, Act of Congress, House Joint Resolution 192 codified at 48 Stat. 112 (June 5, 1933); Public Law 73-10, violation of the

Truth in Lending Act,("TILA"),15 U.S.C.A 1601 et.seq.,  and  violation of the RICO ACT Title 18 U.S.C. §§ 1961-1968 , Title 18 USC § 474 for  fraudulent securities. Title 42 U.S.C. 1988, provides remedy these violations.

Truth in Lending Act,("TILA"),15 U.S.C.A 1601 et.seq.,  and  violation of the RICO ACT Title 18 U.S.C. §§ 1961-1968 , Title 18 USC § 474 for  fraudulent securities. Title 42 U.S.C. 1988, provides remedy these violations.

25.                          **THIRD CAUSE OF ACTION**

                               **COUNT TWO**

Violation Truth in Lending Act,("TILA"),15 U.S.C.A 1601 et.seq ,Violation of Fair credit Billing Act, 15 U.S.C.1601 and the Fair Debt Collection Practices Act, 15 U.S.C.1692et seq. ,Title  42 U.S.C.A. §§ 1983 *et seq.*,  violation of Uniform Commercial Code Public Policy, Act of Congress, House Joint Resolution 192 codified at 48 Stat. 112 (June 5, 1933); Public Law 73-10

        Plaintiff re-alleges all allegations contained in Paragraphs 1- 24 of the Complaint are incorporated herein as if set forth in full and that these actions violate the Truth in Lending Act,("TILA"),15 U.S.C.A 1601 et.seq 24.  The Plaintiff claims a violation for fraud and unjust enrichment pursuant to the Truth in Lending Act,("TILA"),15 U.S.C.A 1601 et.seq Fair Credit Billing Act Title 15 U.S.C.1601 et. seq.,  Fair credit Billing Act, 15 U.S.C.1601.

26.     Plaintiff asserts that FIRST TENNESSEE BANK, Bruce B. Hopkins and his subordinates initially violated the Truth in Lending Act,("TILA"),15 U.S.C.A 1601 et.seq 24. FIRST TENNESSEE BANK did not give full disclosure to Plaintiff at the initial closing of the loan promissory note disclosing that the accounting entry recorded on the Defendant

ledger reflecting a credit. A bank cannot lend its credit or their depositor's money. The original credit received for the loan promissory note was issued from the Plaintiff's Fide Commissary account with the UNITED STATES TREASURY. All Defendants Violation of UCC -Article -3 Negotiable Instruments, part 6. Discharge and payment, violation of UCC-§3-603 Tender of Payment (b) Refusal is Discharge, (c) Able & Ready to pay at every place of a payment stated, UCC § 3-501  Presentment, § 3-501(b)(2) and (b)(2)(i), to EXHIBIT the Genuine ORIGINAL Promissory Note before moving for a Foreclosure.

27.    Plaintiff asserts that NATIONSTAR MORTGAGE COMPANY, Harold Lewis FIRST TENNESSEE BANK, Bruce B. Hopkins FIRST HORIZON NATIONAL CORPORATION, Bryan Jordan violated the Fair credit Billing Act, 15 U.S.C.1601. Above Defendants refused to accept a legal document for payment and discharge of the Debt. Defendants were sent an EFT instrument and refuse to process the document as requested by the Plaintiff instructions. Furthermore, the above Defendants NATIONSTAR MORTGAGE COMPANY, Harold Lewis and Thomas Sides have failed to properly adjust my account by purposely not recording payments received from the Plaintiff on April 30, 2012 that forced this illegal foreclosure sale of the plaintiff real property. See EXHIBIT2 .All Defendants billed the Plaintiff for a debt that was satisfied in full honor of discharge.

28.    Plaintiff asserts that FIRST TENNESSEE BANK, Bruce B. Hopkins FIRST HORIZON NATIONAL CORPORATION, Bryan Jordan violated the Fair Debt Collection Practices Act, 15 U.S.C.1692et seq. claiming a Debt that does not exist for the Bank. Plaintiff paid interest and principal for 25 years borrowing his own money. Plaintiff further alleges that a bank can loan its assets but not sell its credit nor loan its depositors money. FIRST TENNESSEE BANK sold the Plaintiff's loan for an undisclosed amount of money to FIRST HORIZON NATIONAL CORPORATION, and then FIRST HORIZON NATIONAL CORPORATION sold the loan to NATIONSTAR MORTGAGE COMPANY who all continued to collect on a Debt that had already been satisfied and further violated the Fair Debt Collection Practice Act, 15 U.S.C.1692et seq

29.                    **THIRD CAUSE OF ACTION**
                         **Breach of Contract**
                              **FRAUD**
                     **(Against All Defendants)**

Violation Truth in Lending Act,("TILA"),15 U.S.C.A 1601 et.seq, violation Organic Constitution of the united States ratified 1791, the Bill of Rights of the National Constitution, Articles 1, 4, 5,6,7,8 and 9, violation of the RICO ACT Title 18 U.S.C. §§ 1961-1968 , Title 18 USC § 474 for fraudulent securities.

 Plaintiff re-alleges all paragraphs, 1-28 of complaint and is incorporated set forth herein.

30. Plaintiff entered into a written home loan agreement – the contract or Note -- with Defendants violated the Truth in Lending Act,("TILA"),15 U.S.C.A 1601 et.seq, FIRST TENNESSEE BANK  . The Note was drafted by Defendants and could not be modified by Plaintiff.

31.    The Note describes terms and respective obligations applicable to the parties herein deprives the Plaintiff of his guaranteed constitutional rights of the Organic Constitution of the united States ratified 1791, the Bill of Rights of the National Constitution, Articles 1, 4, 5,6,7,8 and 9 by all Defendants name herein as well as in violation UCC§ 3-501(b)(2) and (b)(2)(i), to EXHIBIT the Genuine ORIGINAL Promissory Note and Deed of Trust before moving forward with a Foreclosure. The Defendant produced a facsimile to accomplish their goal. All Defendants have failed to give the Plaintiff due process of law (42 U.S.C. 1983). *See Marbury v. Madion, (1803) all laws repugnant to the Constitution are null and void.*

 32. The Defendants have violated the RICO ACT Title 18 U.S.C. §§ 1961-1968, Title 18 USC § 474 for fraudulent securities conspiring to commit securities fraud to steal the Plaintiff's real property through extortion by not properly applying funds to a fraudulent loan promissory note, The Defendants are organized corporations operating under color of law and conspired with other governmental agency to commit theft.

                              Page 13 of 16

## RELIEF SOUGHT

WHEREFORE Plaintiff Jones demands judgment against the defendants, jointly and severally, as follows:

   a.) as compensatory damages, the sum of $850,000.00 in treble Damages each

   b.) as punitive damages, the sum of $850,000.00 in treble Damages each;

   c.)  that exemplary damages be imposed for the Plaintiff emotional distress

       And restitution for the monies paid prior year of a fraudulent loan and treble

       damages accessed in the sum of $850,000.00 ;

   d.) all attorneys' fees incurred in prosecuting this action pursuant to violation of

       the RICO ACT Title 18 U.S.C. §§ 1961-1968, Title 18 USC § 474 for

       fraudulent securities

   e.) the right to amend this complaint as warranted by further evidence and fact

   finding;

   f.) that the Defendants actions be declared unconstitutional and criminal charges

   be enforced and restitution under the maximum penalty of law.

   g.) And that other such further relief as to the Court deems proper.


## CONCLUSION

In Conclusion in the merits of this case "all Defendants officials" actions results in malfeasance and or negligence, and unjust enrichment of the breech of trust of their oath of office to uphold the Constitution and Laws for the united States of America and participated in a conspiracy against the plaintiff and that facts and evidence presented are unjust and malicious arbitrary and capricious to the Plaintiff.

Respectfully Submitted,

*eddie sylvester jones, jr*

*eddie sylvester jones, jr©,* **Secured Party Interest Intervenor,** Authorized Agent For:
EDDIE SYLVESTER JONES,JR© (ens legis)
c/o 1980 Prado Ave.
Memphis, TN [38116] 901-265-5453

Date _____ 7-3-12 _____

**VERIFICATION**

STATE OF TENNESSEE   )
COUNTY OF SHELBY     )

*eddie sylvester jones, jr*

Eddie S. Jones, Jr. In Propria Persona

**CERTIFICATE OF SERVICE**

The undersigned hereby certify that a copy of the foregoing was served on Defendants via certified U.S. Mail on this the 3rd day of JULY, 2012.