### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

EDDIE SYLVESTER JONES, JR.,

       Plaintiff,

v.                              Case 2:12-cv-02510-JDT-cgc

WILSON & ASSOCIATES, PLLC
and ANGELA BOYD,

       Defendants.

### REPORT AND RECOMMENDATION ON WILSON & ASSOCIATES, PLLC AND ANGELA BOYD'S MOTION TO DISMISS; PLAINTIFF'S MOTION FOR LEAVE TO MODIFY, AMEND, AND CLARIFY AND AMEND COMPLAINT; PLAINTIFF'S MOTION FOR RECONSIDER TO DISMISS CERTAIN DEFENDANTS FROM CASE; PLAINTIFF'S MOTION TO MODIFY SEEKING IMMEDIATE ESTOPPEL; AND, PLAINTIFF'S MOTION OPPOSING COUNSEL TO DISMISS ANGELA BOYD

Before the Court are the following motions: Defendants Wilson & Associates, PLLC ("Wilson") and Angela Boyd's ("Boyd") Motion to Dismiss (Docket Entry "D.E." #21); "Plaintiff's Motion for Leave to Modify, Amend, and Clarify Complaint and Amend Complaint" (D.E. #23); "Plaintiff's Motion for Reconsider to Dismiss Certain Defendants From Case" (D.E. #24); "Plaintiff's Motion to Modify Seeking Immediate Estoppel" (D.E. #28); and, Plaintiff's "Motion Opposing Counsel to Dismiss Angela Boyd" (D.E. #29). The District Court has referred all pretrial matters within the Magistrate Judge's jurisdiction for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and all other pretrial matters for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

For the reasons set forth herein, it is recommended that Wilson and Boyd's Motion to

Dismiss (D.E. #21) be GRANTED; that Plaintiff's "Motion for Leave to Modify, Amend, and Clarify Complaint and Amend Complaint" (D.E. #23) be DENIED; that Plaintiff's "Motion for Reconsider to Dismiss Certain Defendants From Case" (D.E. #24) be DENIED; that Plaintiff's "Motion to Modify Seeking Immediate Estoppel" (D.E. #28) be DENIED; and, that Plaintiff's "Motion Opposing Counsel to Dismiss Angela Boyd" (D.E. #29) be DENIED.

## I. Procedural Background

On June 27, 2012, Plaintiff filed a pro se Complaint petitioning the Court to prevent the sale of real property located at 1980 Prado, Memphis, Tennessee, 38116 (the "Real Property"). On July 3, 2012, Plaintiff filed a pro se First Amended Complaint, which is currently the operative pleading in the instant case.[1]  The District Court instructed the Clerk to record the Defendants as Wilson; Nationstar Mortgage ("Nationstar"); First Horizon National Corporation ("First Horizon"); First Tennessee Bank ("First Tennessee"); Boyd; Bruce B. Hopkins ("Hopkins"); Harold Lewis ("Lewis"); Thomas Sides ("Sides"); David Lenoir ("Lenoir"); and, Bryan Jordan ("Jordan").

On July 24, 2012, a Motion to Dismiss was filed by Nationstar, First Horizon, First Tennessee, Hopkins, Lewis, Sides, Lenoir, and Jordan. (D.E. #9). On February 5, 2013, the District Court entered an Order Modifying the Docket, Order Granting Motion to Dismiss by Certain Defendants, and Order Denying Leave to Amend. (D.E. #20). The District Court acknowledged that Plaintiff's First Amended Complaint is "difficult to decipher" but set forth the decipherable factual allegations and claims.   Ultimately, the District Court dismissed all claims against the moving Defendants (the "Dismissed Defendants").

---

[1]  Plaintiff filed a "Second Amended Complaint," without seeking leave of the Court or consent of the opposing parties, on August 20, 2012.  (D.E. #17).  The District Court construed this filing as a motion for leave to amend, which it denied as futile.  (D.E. #20).

On February 18, 2013, the only remaining Defendants, Wilson and Boyd, filed a Motion to Dismiss (D.E. #21) pursuant to Tennessee Code Annotated Section 35-5-116 and Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. On March 21, 2013, Plaintiff filed a "Motion Opposing Counsel to Dismiss Angela Boyd" (D.E. #29), which appears to be Plaintiff's Response to Wilson and Boyd's Motion to Dismiss. On March 27, 2013, Wilson and Boyd filed a Reply Brief in Support of Motion to Dismiss. (D.E. #30).

On February 25, 2013, Plaintiff filed a "Motion for Leave to Modify, Amend, and Clarify Complaint and Amended Complaint." (D.E. #23). The Dismissed Defendants filed a Response on March 14, 2013. (D.E. #27).

On February 25, 2013, Plaintiff filed a "Motion for Reconsider to Dismiss Certain Defendants from Case." (D.E. #24). On March 14, 2013, the Dismissed Defendants filed a Response in Opposition to Plaintiff's Motion to Reconsider. (D.E. #26).

On March 13, 2013, Plaintiff filed a "Motion to Modify Seeking Immediate Estoppel" (D.E. #28) against First Tennessee, First Horizon, and Nationstar. On March 28, 2013, the Dismissed Defendants filed a Response in Opposition to Plaintiff's Motion to Modify Seeking Immediate Estoppel. (D.E. #32). On May 23, 2013, Plaintiff filed a "Memorandum in Support of Motion for Immediate Estoppel with Pursuant to New Evidence" (D.E. #34), which requested "immediate [e]stoppel" against Wilson. On June 4, 2013, Wilson filed a Memorandum in Opposition to Plaintiff's Motion to Modify Seeking Immediate Estoppel. (D.E. #35). Additionally, on June 7, 2013, the Dismissed Defendants filed a Response in Opposition to Plaintiff's Motion for Immediate Estoppel with Pursuant to New Evidence (D.E. #36).

## II.  Factual Background[2]

Plaintiff's First Amended Complaint arises from the actual or impending non-judicial foreclosure of the Real Property.  Plaintiff alleges that Wilson is a law firm and Boyd is employed by Wilson as an attorney.  (Compl. ¶¶ 4, 8).  Plaintiff alleges that, on May 9, 2012, Plaintiff received a notice from Wilson and Boyd alleging that the loan was in default and that the Real Property would be sold on June 29, 2012 by the Shelby County Trustee.  (*Id.* ¶ 15).  Plaintiff alleges that Boyd "brought forth an unlawful administrative foreclosure sale of the Plaintiff's property."  (*Id.* ¶ 3).

Plaintiff alleges that, on May 21, 2012, he sent a "lawful notification letter" to Wilson and Boyd with a "certified letter" and "EFT instrument . . . that satisfied the Debt which it claimed." (*Id.* ¶ 16).  Wilson returned the "EFT Instrument," stating that payment must be made by certified funds.  (*Id.*).[3]  Plaintiff alleges that Boyd "failed to respond to a lawful notification to provide due process and proof of claim" and that Boyd "received several constructive lawful notifications, Affidavit of Interest in Property, Affidavit of Status, and Affidavit of EFT."  (*Id.*).[4]  Plaintiff states that, "[c]onsequently, the Defendants have failed to respond and their silence is their acquiescence."

---

[2]  The Magistrate Judge will refer to the District Court's February 5, 2013 Order to Modify the Docket, Order Granting Motion to Dismiss Filed by Certain Defendants, and Order Denying Leave to Amend to set forth the decipherable claims against Wilson and Boyd.

[3]  The District Court has stated as follows with respect to Wilson's return of the "EFT Instrument": "Although the amended complaint is unclear, it appears that the 'EFT Instrument' to which Plaintiff refers was a paper check, rather than an electronic funds transfer from Plaintiff's bank.  Wilson apparently insisted that payment be made by certified check." (February 5, 2013 Order at 3, n.5).

[4]  The District Court has stated as follows with respect to the documents Plaintiff sent to Wilson and Boyd: "Plaintiff has not submitted copies of these documents, and it is unclear why he claims they are legally binding on any party."  (February 5, 2013 Order at 3, n.6).

(*Id.*).

Plaintiff subsequently sent the returned EFT instrument to First Tennessee to the attention of First Horizon's Payment Processing department.  (*Id.* ¶ 17).  When First Tennessee did not respond, Plaintiff sent a new "EFT instrument" to Nationstar on June 18, 2012.  (*Id.* ¶ 18).  Plaintiff contends that Nationstar accepted this payment by failing to return it within the required time frame.  (*Id.*).  On June 21, 2012, Plaintiff sent Wilson and Boyd a "certified letter . . . giving constructive Notice of Apostille" with a copy of the EFT Instrument sent to Nationstar.

Based upon these factual allegations, the District Court concluded that the First Amended Complaint purports to assert three claims.  Count I appears to allege that Boyd committed theft and violated Plaintiff's right to due process because the foreclosure was non-judicial.  (*Id.* ¶ 20).  Count II contains no claims against Wilson or Boyd.  (*Id.* ¶¶ 25-28).  The District Court has already concluded that Count III, which is titled "Breach of Contract/FRAUD," is indecipherable; further, Count III does not contain any reference to Wilson or Boyd.  (*Id.* ¶¶ 29-32).

## III.  Analysis

### A.  Plaintiff's "Motion for Reconsider to Dismiss Certain Defendants From Case" (D.E. #24)

Plaintiff's "Motion for Reconsider to Dismiss Certain Defendants From Case" (D.E. #20) appears to request reconsideration of the District Court's Order Modifying the Docket, Order Granting Motion to Dismiss by Certain Defendants, and Order Denying Leave to Amend, as it is the only Order entered to date that has dismissed Defendants from Plaintiff's case.[5]  Plaintiff appears

---

[5] It appears to request reconsideration of the District Court's Order Modifying the Docket, Order Granting Motion to Dismiss by Certain Defendants, and Order Denying Leave to Amend even though it references reconsideration of the dismissal of Wilson, who was not a

to also repeat his request to amend his First Amended Complaint[6] and requests a "stay" against Wilson.

Although Plaintiff has not specified a rule or statute under which he seeks to proceed, his motion must be treated as one under Rule 59(e) Federal Rule of Civil Procedure because the District Court's Order dismissed all of Plaintiff claims against the Dismissed Defendants. *Cockrell v. First Tenn. Bank*, No.98-2497 D/V, 1998 WL 652516, at *1 (W.D.Tenn. July 16, 1998) ("Because the court's Order disposed of Plaintiff's claims, the court will treat the instant motion as a motion under Fed. R. Civ. P. 59(e)."); *see also Charles L.M. v. Northeast Indep. School Dist.*, 884 F.2d 869 (5th Cir. 1989) (applying Rule 59(e) analysis to motions to reconsider orders granting motions to dismiss).

"Motions for reconsideration of a previous order are extraordinary and should be granted sparingly." *Id.* (citing *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.C.N.J. 1996)). Such motions cannot be used "to raise new legal arguments that could have been raised" before the claims were dismissed. *Roger Miller Music, Inc. v. Sony/ATV Publ'g LLC*, 477 F.3d 383, 395 (6th Cir. 2007). Nor do motions to reconsider provide the movant with a "second opportunity to make its previous argument." *Capital Confirmation, Inc. v. AuditConfirmations, LLC*, No. 3:09-0412, 2009 WL 3673046, at *2 (M.D.Tenn. Nov. 2, 2009) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Rather, a court may grant

---

defendant dismissed in that Order.

   [6] In Plaintiff's "Motion for Reconsider to Dismiss Certain Defendants From Case," he also appears to request that he be permitted to amend his Complaint. On the same date, Plaintiff filed his "Motion for Leave to Modify, Amend, and Clarify and to Amend Complaint." Plaintiff's requests to amend will be considered by the Magistrate Judge in her consideration of that motion. *See*, *infra*, Section III.B.

a Rule 59(e) motion "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am.Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted).

While the basis of Plaintiff's motion is not entirely clear, Plaintiff has not mentioned any clear error of law, newly discovered evidence, intervening change in controlling law, or need to prevent manifest injustice. Instead, it appears that Plaintiff seeks to merely reargue the merits of his First Amended Complaint against the Dismissed Defendants. Such a request is not sufficient to succeed on a Rule 59(e) motion. Further, Plaintiff's request for a "stay" against Wilson, which does not appear to be part of his request for reconsideration, is indecipherable. Plaintiff provides no grounds for this requested relief, and the Court finds no basis for any stay to be provided. Thus, it is recommended that Plaintiff's "Motion for Reconsider to Dismiss Certain Defendants From Case" be DENIED.

### B.  Plaintiff's "Motion for Leave to Modify, Amend, and Clarify Complaint and Amend Complaint" (D.E. #23)

Plaintiff's "Motion for Leave to Modify, Amend, and Clarify Complaint and Amend Complaint" (D.E. #23) requests the opportunity to amend his Complaint to present "supported material evidence, facts, laws, and cases" to clarify the "foundation of this cause and the relationship between each Defendants" and to provide the Court "in more clear detail each violation placed in the complaint and the relationship established."

Plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "However, a motion to amend may be denied where there is undue delay, bad faith

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (internal quotation marks, emphasis, and citation omitted).  A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Plaintiff's motion does not clarify to which Defendants it is directed.  With respect to Wilson and Boyd, who are the only Defendants who have not had the claims against them already dismissed, Plaintiff's motion is futile, as it does not provide even the most basic information of what he seeks to amend.  While Plaintiff hints at providing clarifying evidence, facts, laws, and cases, he does not actually do so.  Absent such fundamental information, justice does not so require that Plaintiff's proposed amendments be granted.  Thus, it is recommended that Plaintiff's "Motion for Leave to Modify, Amend, and Clarify Complaint and Amend Complaint" be DENIED as to Wilson and Boyd.

With respect to the Dismissed Defendants, who responded to Plaintiff's motion because it was not clear whether it was directed to them, the proposed amendments are futile for the same reasons as to Wilson and Boyd; however, the proposed amendments also fail on additional grounds.

First, the Dismissed Defendants assert that Plaintiff failed to comply with Local Rule 7.2(a)(1)(B), which requires as follows: "All motions . . . shall be accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion.  Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion."  Plaintiff's Motion does include a section entitled "Consulting with

8

Counsel," which states as follows: "On February 25, 2013 communication was sent to the parties regarding their position with this motion being filed in District Court." The Dismissed Defendants state that, despite Plaintiff's purported certificate of counsel, Plaintiff called them on the day he filed the motion and "left a voicemail for undersigned counsel stating that he was filing a motion to amend, but did not request Defendants' position on the Motion or give counsel an opportunity to return Plaintiff's call." Such mere notice of the motion, absent meaningful consultation, does not comply with Local Rule 7.2, and this failure to comply provides additional grounds for the denial of Plaintiff's motion as to the Dismissed Defendants.

Additionally, and most importantly, the Dismissed Defendants are no longer parties to the instant case. Further, the Magistrate Judge has already recommended that Plaintiff's "Motion for Reconsider to Dismiss Certain Defendants From Case," which was considered under Rule 59(e) of the Federal Rules of Civil Procedure, be denied. As such, there are no grounds for Plaintiff to be given leave to amend. Thus, for all of the foregoing reasons, it is recommended that Plaintiff's "Motion for Leave to Modify, Amend, and Clarify Complaint and Amend Complaint" be DENIED as to the Dismissed Defendants.

### C. Wilson and Boyd's Motion to Dismiss (D.E. #21) and Plaintiff's "Motion Opposing Counsel to Dismiss Angela Boyd" (D.E. #29)

Wilson and Boyd's Motion to Dismiss (D.E. #21) seeks dismissal of the First Amended Complaint pursuant to Tennessee Code Annotated Section 35-5-116 and Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure.

As an initial matter, Plaintiff has responded to this motion by filing a "Motion Opposing Counsel to Dismiss Angela Boyd" (D.E. #29). Plaintiff requests that the "motion to dismiss be set

aside until Plaintiff can amend case showing clarity in this matter" and that Boyd's "motion be denied once Plaintiff provide[s] to the court his amend[ed] complaint showing clarity."  The Magistrate Judge has already recommended that Plaintiff's request to amend his First Amended Complaint be denied.  *See*, *supra*, Section III.B.  As Plaintiff's "Motion Opposing Counsel to Dismiss Angela Boyd" seeks relief contingent upon amending his First Amended Complaint, and as it is recommended such relief be denied, it is recommended that Plaintiff's "Motion Opposing Counsel to Dismiss Angela Boyd" be DENIED.[7]

Turning to Wilson and Boyd's Motion to Dismiss, it is essential at the outset that the District Court has already construed the claims in the First Amended Complaint in its Order Modifying the Docket, Order Granting Motion to Dismiss by Certain Defendants, and Order Denying Leave to Amend.[8]  Specifically, the District Court concluded that Count I alleged that Boyd committed theft and violated Plaintiff's right to due process because the foreclosure was non-judicial.  The District Court did not construe the First Amended Complaint as stating any claim against Wilson.

With respect to Wilson, Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true.

---

[7] Plaintiff's "Motion Opposing Counsel to Dismiss Angela Boyd," which appears to respond to Wilson and Boyd's Motion to Dismiss, also appears to bring new allegations against Boyd , as well as First Tennessee and First Horizon, who are Dismissed Defendants.  A response to a motion to dismiss is not a "pleading."  Fed. R. Civ. P. 7(a). Thus, it is recommended that the new allegations in Plaintiff's filing be disregarded.

[8] Although that Order considered only the Motion to Dismiss filed by the Dismissed Defendants, it did set forth the claims as to all Defendants, as Boyd, who is not a Dismissed Defendant, is referenced in that Order as a defendant in Count I.

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can

support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Any claim for relief must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*,

551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the

statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon

which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

As the District Court has already concluded, Plaintiff's "Statement of Claims" in his First

Amended Complaint does not contain any claims against Wilson. Further, in the entirety of the First

Amended Complaint, Plaintiff sole allegations regarding Wilson are that Plaintiff sent a "lawful

notification letter" to Wilson and with a "certified letter" and "EFT instrument . . .that satisfied the

Debt which it claimed" and that Wilson returned the "EFT Instrument," stating that payment must

be made by certified funds. At no point in Plaintiff's First Amended Complaint does he specify how

Wilson's conduct is alleged to be unlawful. Accordingly, it is recommended that Plaintiff's First

Amended Complaint fails to state a claim as to Wilson, and it is recommended that Motion to

Dismiss as to Wilson be GRANTED.

With respect to Boyd, Count I alleges that Boyd committed "theft." Under Tennessee law,

theft is a criminal offense rather than a civil claim. *See* Tenn. Code Ann. § 39-14-101, *et seq.*; *see*

*also*, *State v. Cowart*, No. 01C01-9508-CC-00251, 1996 WL 675542, at *5 (Tenn. Ct. App. Nov.

22, 1996) (stating that a civil conversion claim is "comparable" to criminal charges of theft). Under

civil law, a conversion claim focuses on the "'interference with a property owner's right." *White*

*v. Empire Exp., Inc.*, 395 S.W.3d 696, 720 (Tenn. Ct. App. 2012) (quoting *Gen. Elec. Credit Corp.*

11

*of Tenn. v. Kelly & Dearing Aviation*, 765 S.W.2d 750, 754 (Tenn. Ct. App. 1988)).  "The elements of a conversion claim include: (1) an appropriation of another's tangible property to one's use and benefit; (2) an intentional exercise of dominion over the chattel alleged to have been converted; and (3) defiance of the true owner's rights to the chattel." *White*, 395 S.W.3d at 720 (citing *River Park Hosp. v. BlueCross BlueSheild of Tenn., Inc.*, 173 S.W.3d 43, 60 (Tenn. Ct. App. 2002)).  Property may be converted if a person personally dispossesses another of tangible personalty, dispossesses another through the active use of an agent, or, under certain circumstances, receives a chattel that has been dispossessed of another.  *PNC Multifamily Capital Institutional Fund XXVI Ltd. Partnership v. Bluff City Community Development Corp.*, 387 S.W.3d 525, 553 (Tenn. Ct. App. 2012).

Plaintiff's First Amended Complaint alleges that he sent Boyd a "lawful notification letter" with a "certified letter" and "EFT instrument . . . that satisfied the Debt which it claimed."  It states that Wilson—without mentioning Boyd—returned the "EFT instrument,'" stating that payment must be made by certified funds.  Given that Plaintiff alleges that the EFT instrument was returned to him and was not deposited or accepted as payment in any manner, Plaintiff has failed to allege that Boyd appropriated his tangible property to another's use and benefit, that Boyd intentionally exercised dominion over chattel, or that Boyd defied the true owner's rights to the chattel.  Thus, Plaintiff has failed to state a claim for conversion upon which relief may be granted.

Count I also alleges that Boyd violated Plaintiff's right to due process because the foreclosure was non-judicial.  As an initial matter, Boyd's First Amended Complaint does not contain any allegations regarding Boyd's role in the alleged foreclosure or its non-judicial nature; instead, it merely alleges that Boyd, as an attorney on behalf of Wilson, received an "EFT

12

Instrument" that Wilson ultimately returned as an improper form of payment.

Additionally, while Plaintiff does not specify whether he attempts to allege a due process violation under the Fourteenth Amendment of the United States Constitution[9] or under Article I, Section 8 of the Tennessee Constitution[10] [11], either claim requires an allegation of state action. *Bryant v. Tenet, Inc.*, 969 S.W.2d 923, 925 (Tenn. Ct. App. 1997). Wilson is a private law firm and Boyd is an attorney employed by the firm. As such, Plaintiff has not alleged any state action, and the "strong consensus of federal and state courts, including the Sixth Circuit" is "that non-judicial foreclosures do not involve state action." *Angeline Renee Drake v. Citimortgage, Inc.*, No. 1:10-CV-305, 2011 WL 1396774, at *4 (E.D.Tenn. Apr. 13, 2011) (citing cases). Thus, it is recommended that Plaintiff has failed to state a claim for a due process violation upon which relief may be granted.

Finally, Plaintiff alleges that Boyd "failed to respond to a lawful notification" and that Boyd "received several constructive lawful notifications, Affidavit of Interest in Property, Affidavit of Status, and Affidavit of EFT." Plaintiff states that, "[c]onsequently, the Defendants have failed to respond and their silence is their acquiescence." The District Court has already concluded that

---

[9] Plaintiff's First Amended Complaint does invoke 42 U.S.C. § 1983, which redresses violations under the United States Constitution.

[10] Article I, Section 8 of the Tennessee Constitution, which is known as the Law of the Land clause, has been held to be "synonymous" to the federal due process protection of the Fourteenth Amendment, "meaning one and the same thing." *State v. James*, 315 S.W.3d 440, 448 (Tenn. 2010) (citing *State v. Hale*, 840 S.W.2d 307, 312 (Tenn. 1992)); *see also*, *Bailey v. Blount County Bd. of Educ*, 303 S.W.3d 216, 230 (Tenn. 2010) (Article I, Section 8 and the Fourteenth Amendment have the same meaning).

[11] Plaintiff references both the "organic constitution for the united states of America as well as the organic Constitution of the Republic of Tennessee." (Compl. ¶¶ 20, 21, 24, 25, 29, 31).

13

Plaintiff failed to submit copies of those documents and that it is unclear why he claims they are legally binding on any party. Ultimately, these allegations do not seem to relate to either the "theft" or due process claims against Boyd as recognized by the District Court. Accordingly, it is recommended that Plaintiff's First Amended Complaint fails to state a claim as to Boyd, and it is recommended that Motion to Dismiss as to Boyd be GRANTED.

### D. Plaintiff's "Motion to Modify Seeking Immediate Estoppel" (D.E. #28)

Plaintiff's "Motion to Modify Seeking Immediate Estoppel" (D.E. #28) is unclear but seems to seek injunctive relief against First Tennessee, First Horizon, and Nationstar prohibiting the foreclosure of the Real Property. The District Court has already dismissed Plaintiff's claims as to First Tennessee, First Horizon, and Nationstar. Accordingly, it is recommended that Plaintiff's renewed request for relief against First Tennessee, First Horizon, and Nationstar in his "Motion to Modify Seeking Immediate Estoppel" be DENIED.

Plaintiff additionally filed a "Memorandum in Support of Motion for Immediate Estoppel with Pursuant to New Evidence," (D.E. #34), which appears to supplement his "Motion to Modify for Immediate Estoppel" and seek injunctive relief against Wilson even though Plaintiff does not specifically request injunctive relief or address any law governing such relief.[12] Plaintiff states that Wilson has begun an "administrative foreclosure proceeding" against the Plaintiff's Real Property despite being "fully aware" of this pending litigation. Plaintiff alleges that this has "brought cloud of title over the rights to Plaintiff['s] property." The remaining allegations in the Memorandum, however, continue to pertain to First Tennessee, First Horizon, and Nationstar.

---

[12] Plaintiff cites 28 U.S.C. § 636(b)(1)(B)-(C) as grounds for this motion; however, this statute sets forth the jurisdiction, powers, and temporary assignment of a United States Magistrate Judge and provides no cause of action.

The four factors that a District Court must consider when considering the issuance of a preliminary injunction are as follows: (1) the likelihood that the party seeking the preliminary injunction will succeed on the merits of the claim; (2) whether the party seeking the injunction will suffer irreparable harm without the grant of the extraordinary relief; (3) the probability that granting the injunction will cause substantial harm to others; and, (4) whether the public interest is advanced by the issuance of the injunction." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004).

The likelihood of Plaintiff's success on the merits of the claims is exceptionally low.  The District Court has already dismissed Plaintiff's First Amended Complaint as to the majority of the Defendants, and the Magistrate Judge is recommending that Plaintiff's motion to reconsider the District Court's Order be denied and that Plaintiff's First Amended Complaint be dismissed as to Wilson and Boyd, *see*, *supra*, Section III.C.  Additionally, Plaintiff has twice sought to amend his First Amended Complaint, the first of which the District Court denied as futile and the second of which the Magistrate Judge is presently recommending to be futile.

With respect to irreparable harm, Plaintiff has failed to allege that he would suffer irreparable harm absent injunctive relief against Wilson and Boyd.  Wilson and Boyd respond that any injury to Plaintiff is self-inflicted due to his default on the loan.  *See Livonia Props. Holdings, LLC v. Farmington Road Holdings, LLC*, No. 10-1782, 2010 WL 4275305, at 104 (6th Cir. Oct. 28, 2010) (stating that the alleged harms from the foreclosure were the direct result of the default on the loan and that "self-inflicted harm is not the type that injunctions are meant to prevent").  Without any allegation as to how Plaintiff would suffer irreparable harm absent an injunction, this factor also weighs heavily against Plaintiff.

With respect to the probability that an injunction would harm others, Wilson and Boyd argue that an injunction could prohibit the lender from moving forward with a foreclosure on the property involved, which would allow Plaintiff to continue possessing the property without making any payments for such a privilege.  Plaintiff does not address any potential harm to others.  Thus, this factor additionally weighs heavily against Plaintiff.

With respect to whether the issuance of an injunction would serve any public interests, Plaintiff does not address this issue.  Wilson and Boyd argue that injunctive relief would inhibit lenders from continuing to make loans, as they would be concerned about their ability to take previously agreed upon and legal steps of foreclosure in the event a borrower defaults on his loan. Wilson and Boyd further argue that such a result would penalize prospective home buyers, who have committed no wrongs but would not be able to obtain loans.  As Plaintiff does not address the public interest and Wilson and Boyd provide compelling arguments in their favor, this factor additionally weighs heavily against Plaintiff.  Ultimately, as all of the factors for injunctive relief weigh against Plaintiff and in favor of Wilson and Boyd, it is recommended that Plaintiff's "Motion to Modify Seeking Immediate Estoppel" as to Wilson and Boyd be DENIED.

## IV.  Conclusion

For the reasons set forth herein, it is recommended that Wilson and Boyd's Motion to Dismiss (D.E. #21) be GRANTED; that Plaintiff's "Motion for Leave to Modify, Amend, and Clarify Complaint and Amend Complaint" (D.E. #23) be DENIED; that Plaintiff's "Motion for Reconsider to Dismiss Certain Defendants From Case" (D.E. #24) be DENIED; that Plaintiff's "Motion to Modify Seeking Immediate Estoppel" (D.E. #28),  which is supplemented by Plaintiff's "Memorandum in Support of Motion for Immediate Estoppel with Pursuant to New Evidence" (D.E.

#34), be DENIED; and, that Plaintiff's "Motion Opposing Counsel to Dismiss Angela Boyd" (D.E.

#29) be DENIED.

    **DATED** this 20th day of June, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**