IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EDDIE SYLVESTER JONES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 12-2510-JDT-cgc |
| | ) | |
| WILSON & ASSOCIATES, PLLC, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING PLAINTIFF'S OBJECTIONS
ORDER DENYING PENDING MOTIONS
ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 27, 2012, Plaintiff Eddie Sylvester Jones, Jr., a resident of Memphis, Tennessee, filed a *pro se* "Complaint for Constitution Statutory Violations: Violation of Truth in Lending Act 15 U.S.C. 1601 *et seq.*, Violation of Fair credit [sic] Billing Act, 15 U.S.C. 1601, Breech of Contract, FRAUD, Fair Debt Collection, [sic] Practices Act, 15 U.S.C. 1692*et seq.* united [sic] States Constitution ratified 1791 Bill of Rights of the National Constitution Articles 1, 4, 5, 6, 7, 8 and 9" and paid the civil filing fee. (Docket Entries 1 & 2.) The case was referred to the assigned U.S. Magistrate Judge on March 27, 2013, for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate. (D.E. 3.)

The named Defendants in the original complaint were Wilson & Associates, PLLC ("Wilson"); Nationstar Mortgage ("Nationstar"); First Horizon National Corporation ("First Horizon");[1] First Tennessee Bank ("First Tennessee"); Angela Boyd; Bruce B. Hopkins; Harold Lewis; Thomas Sides; and David Lenoir. On July 3, 2012, Plaintiff filed an amended complaint as of right which superseded the original complaint and included an additional Defendant, Bryan Jordan. (D.E. 3.) That first amended complaint is the operative pleading in this case. Plaintiff's various claims arise from the actual or impending non-judicial foreclosure of real property located at 1980 Prado Avenue, Memphis, Tennessee (the "Real Property").

On July 24, 2012, several of the Defendants filed a motion to dismiss. (D.E. 9.)[2] The Court granted that motion on February 5, 2013, dismissing all claims against the moving Defendants. (D.E. 20.)[3]

On February 18, 2013, the remaining Defendants, Wilson and Boyd, also filed a motion to dismiss. (D.E. 21.) On February 25, 2013, Plaintiff filed a motion to amend the complaint (D.E. 23) and a motion to reconsider the February 5 order granting the motion to dismiss (D.E. 24). He filed a motion titled, "Motion to Modify Seeking Immediate Estoppel"

---

[1] This party is identified as "First Horizon Home Loans" in the case caption.

[2] The July 24 motion to dismiss was filed on behalf of Defendants Nationstar, First Tennessee, First Horizon, Boyd, Hopkins, Lewis, Sides, Lenoir, and Jordan. On August 9, 2012, Plaintiff voluntarily dismissed his claims against Defendant Lenoir pursuant to Federal Rule of Civil Procedure 41(a))(1)(A).

[3] The Court also denied leave to assert the claims included in the second amended complaint (D.E. 17), which Plaintiff filed without leave of Court or consent of the Defendants and which was construed as a motion to amend. (D.E. 20 at 23-25.)

against First Tennessee, First Horizon, and Nationstar on March 13, 2013 (D.E. 28), and a memorandum in support of that motion on May 23, 2013, titled "Memorandum in Support of Motion for Immediate Estoppel with Pursuant to New Evidence" (D.E. 34). The parties filed various responses and replies in connection with these motions. (D.E. 26, 27, 29, 30, 32, 35 & 36.)[4]

On June 20, 2013, the Magistrate Judge filed a Report and Recommendation considering all of the pending motions and recommending that the Court grant the motion to dismiss filed by Wilson and Boyd and deny Plaintiff's motions. (D.E. 37.) On July 3, 2013, Plaintiff filed a "Motion of Submission of Newly Discovered Evidence Pursuant FRCP Rule 59(e) and Prevention of Manifest of Injustice and Motion Pursuant to FRCP 901 Authencatiion [sic] of Evidence" (D.E. 38), to which Defendants responded (D.E. 42). On July 11, 2013, Plaintiff filed an objection to the Report and Recommendation. (D.E. 39.)[5] On August 2, 2013, Plaintiff filed both a reply in support of his Rule 59(e) motion and his objections (D.E. 43) and a "Motion to Compel and Request for Discovery" (D.E. 42).

Having carefully reviewed the record, including all of the pending motions and responses and Plaintiff's objections, and having considered the applicable law, the Court agrees with the Magistrate Judge's Report and Recommendation. The Magistrate Judge has

---

[4] Plaintiff's response to the motion to dismiss filed by Wilson and Boyd is erroneously titled a "motion" rather than a response. (D.E. 29.)

[5] Computed only with regard to the date the Report and Recommendation was mailed, Plaintiff's objections were due on or before July 8, 2013. See Fed. R. Civ. P. 6(d). However, Plaintiff states that he did not actually receive the Report and Recommendation until June 28, 2013. (D.E. 39 at 1; D.E. 43.) Therefore, the Court will regard the objections as timely filed.

thoroughly explained her decision, and the issuance of a more detailed written opinion is unnecessary. Therefore, the Court ADOPTS the Report and Recommendation in its entirety. For the reasons set forth in that Report and Recommendation, Plaintiff's motion to reconsider, motion to amend, and "Motion to Modify Seeking Immediate Estoppel" are DENIED (D.E. 23, 24 & 28); the motion to dismiss filed on behalf of Defendants Wilson and Boyd pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED (D.E. 21).

The Court also finds that Plaintiff's Rule 59(e) motion is without merit. The "new evidence" submitted by Plaintiff does not warrant rejection of the Magistrate Judge's recommendations. Therefore, the Rule 59(e) motion (D.E. 38) is also DENIED. As the case is being dismissed, the motion to compel and for discovery is DENIED as moot.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to grant Defendants' motions to dismiss also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiffs is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[6]

The Clerk is directed to prepare a judgment in accordance with this order and the order issued on February 5, 2013.

IT IS SO ORDERED.

                                                  s/ **James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE

---

[6] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.